FILED
October 31, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003870259

4

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
DAVID R. WIKSELL, State Bar #272490
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for J. Michael Hopper
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

ARTHUR RIVERA MARQUEZ

Debtor.

Case No. 11-42398-B-7
Chapter 7

DNL-2

Date: December 13, 2011
Time: 9:32 a.m.
Place: Courtroom 32
501 "I" Street, 6th Floor
Sacramento, CA 95814

## MOTION FOR RETURN OF PROPERTY TRANSFERRED PRE-PETITION

J. MICHAEL HOPPER ("Trustee"), in his capacity as Chapter 7 trustee for the estate of ARTHUR RIVERA MARQUEZ ("Debtor"), hereby moves for an order compelling the Debtor's attorney, GARY RAY FRALEY ("Counsel") to return property of the estate. In support thereof, it is respectfully represented that:

1. On September 16, 2011, this case ("Chapter 7 Case") was commenced by the filing of a voluntary Chapter 7 petition by Counsel on behalf of the Debtor. Trustee is the duly appointed Chapter 7 trustee.

2. From June 9, 2011 through September 6, 2011, the Debtor was the debtor in a Chapter 13 case, E. D. Cal. No. 11-34407 ("Chapter 13 Case"), also commenced on his behalf by Counsel. That case was dismissed for unreasonable delay prejudicial to creditors following the

1

Debtor's admission at his July 21, 20011 341 meeting of creditors that he was no longer receiving supplemental business income of $900 per month listed on Schedule I, thereby leaving only $2,498 per month take home pay from his full-time job as a gardener for a local school district.

3. The Statement of Financial Affairs, Question #9 in the Chapter 7 Case, states that the payments received by Counsel within one year before the petition date aggregated $1,797 paid on September 9, 2011. The same response filed in the Chapter 13 Case, however, states that on May 31, 2011, Counsel received an additional $5,323, for a total of $7,120 during the period covered by the response filed on September 16, 2011 in the Chapter 7 Case.

4. The Schedules in both the bankruptcy cases list only 3 creditors: (a) unsecured claims held by The Home Depot and Walmart aggregating $1,180.32; and (b) a $273,000 claim by IndyMac Bank secured by a first trust deed against the Debtor's home at 2624 Hing Street, Sacramento, which the Debtor valued at $180,000.

5. The current fair market value of the Debtor's home, about 0.18 acre in the Woodbine neighborhood of South Sacramento improved by a 884 square foot home, is no more than $50,000 to $60,000. A notice of default was recorded by IndyMac Bank on February 18, 2011. A notice of assignment to OneWest Bank was recorded on March 1, 2011. OneWest Bank recorded its notice of trustee's sale on May 18, 2011.

6. When the Chapter 13 Case was filed, the Debtor was about $20,000 in arrears. The regular payment was about $1,700 per month. Counsel filed a plan that proposed to cure the arrearage, at the rate of $342 per month. With trustee's fees, the total proposed payment came to $2,331, i.e. more than 90% of the Debtor's $2,498 net take home pay.

7. As part of its inherent authority to regulate dealings between debtors and their counsel, the Bankruptcy Court may cancel any agreement between the debtor and you, or order the return of any property transferred pre-petition, i.e. the $5,000. 11 U.S.C. Section 329(b)(1)(A).

> Rule 2017(a) of the Federal Rules of Bankruptcy Procedure provides that:
> "On motion by any party in interest or on the court's own initiative, the court after notice and hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor or before entry of the order for

8. Rule 2017 is based on Section 60d of the Act which was enacted in recognition of "the temptation of a failing debtor to deal too liberally with his property in employing counsel to protect him in view of financial reverses and probable failure." *In re Wood & Henderson*, 210 U.S. 246, 253 (1908).

9. Payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny. H. Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) p. 329. For example, an attorney who should have known that an attempt at reorganization was futile before filing the petition, renders no service to the debtor's estate and therefore should not be compensated. *In re Coones Ranch*, 7 F.3d 740 (8th Cir. 1993).

10. Counsel has stated that the purpose of the Chapter 13 Case was to save the Debtor's residence. The Debtor should not have paid $5,323 to Counsel for a Chapter 13 case that would have left $167 per month to pay for the other necessities of life, in a futile attempt to save a house that was hopelessly engulfed by secured debt. Even if income was sufficient, since there was no business income, Counsel would not have been allowed more than $3,500 fees in the Chapter 13 Case.

11. Counsel has stated that the purpose of the Chapter 7 Case, filed 10 days after dismissal of the Chapter 13 Case, was to: (a) delay foreclosure to negotiate a workout with the lender; (b) discharge personal liability if the home is lost; and (c) be in a position to convert the case back to Chapter 13 if income improves. As a practical matter, however, by failing to advise the Debtor to convert the Chapter 13 Case to Chapter 7, Counsel shortened that delay to 30 days. 11 U.S.C. Section 362(c)(3)(A). In addition, California's anti-deficiency laws already protect the Debtor since there is a single trust deed and the lender has been proceeding by non-judicial foreclosure. Finally, the Debtor should not have paid an additional $1,797 to discharge the $1,180 owed to Home Depot and WalMart, particularly since the same result could have been achieved by

///

///

///

3

simply converting instead of dismissing the Chapter 13 case.

WHEREFORE Trustee prays that, the motion be granted, and for such other and further relief as the Court deems necessary and proper.

Dated: October 31, 2011          DESMOND, NOLAN, LIVAICH & CUNNINGHAM

By: _____
J. RUSSELL CUNNINGHAM
Attorneys for J. Michael Hopper, Chapter 7 Trustee

4